FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

STEPHEN PLATO MCRAE,

    Plaintiff - Appellant,

v.

MICHAEL CARVAJAL, in his official
capacity as the Federal Bureau of Prisons
Director; C. CARTER, Warden of F.C.I.
Florence; HOLZAPFEL, Assistant
Warden; GICONI, Captain, in their official
capacities,

    Respondents - Appellees.

No. 21-1261
(D.C. No. 1:20-CV-01908-CMA-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **HARTZ**, Circuit Judges.
_____

Stephen Plato McRae filed this case in the United States District Court for the

District of Colorado while confined at the Federal Correctional Institution in

Florence, Colorado (FCI Florence). He argued that FCI Florence did not do enough

to protect him from COVID-19. The district court denied relief. After the district

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's ruling the Bureau of Prisons transferred Mr. McRae from FCI Florence to a different facility.  Because the transfer moots this appeal, we dismiss it.

## Background

In a document styled a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Mr. McRae challenged FCI Florence's response to the COVID-19 pandemic. He sought various forms of injunctive relief:  increased COVID-19 precautions, release from confinement, or transfer to another facility.  The district court denied relief under § 2241 because Mr. McRae challenged not the legality of his confinement but instead the conditions of his confinement.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (recognizing that "a prisoner who challenges the conditions of his confinement must do so through a civil rights action" rather than through habeas proceedings).  And the court further declined to allow the case to proceed as a civil-rights lawsuit.  Mr. McRae now seeks to vacate the district court's order and to be granted leave to file an amended complaint "to reflect current circumstances." Aplt. Opening Br. at 4.  He represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

After Mr. McRae filed this appeal, the Bureau of Prisons transferred him out of FCI Florence.  The transfer followed an investigation that concluded Mr. McRae posed a safety or security risk at FCI Florence because he had stalked his unit manager.  Arguing that Mr. McRae's transfer moots this appeal, Respondents move to dismiss it.

### *Discussion*

We must first address mootness "because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotation marks omitted). To decide if a case is moot, we ask "whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Id.* (internal quotation marks omitted). In other words, a case is "moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted).

A live controversy no longer exists in this case. Mr. McRae sought injunctive relief to remedy the conditions of his confinement at FCI Florence. Because he is no longer confined at that facility, any changes to the conditions there will not affect him. Thus, this appeal is moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) ("Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief.").

Although Mr. McRae does not dispute that a judicial decision can no longer address his claimed injuries, he alleges that the Bureau of Prisons and counsel for Respondents fabricated "a heinous act" so that we would dismiss this appeal. Resp.

to Mot. to Dismiss at 1.  We construe this response as an argument that we should apply the voluntary-cessation exception to mootness and not dismiss this appeal.

A claim is generally not rendered moot when a defendant voluntarily ceases a challenged practice but remains free to resume it at any time.  *Ind*, 801 F.3d at 1214. This mootness exception prevents a defendant from ceasing illegal conduct long enough to moot a lawsuit only to resume the conduct once the lawsuit has been dismissed.  *See id.*

Nevertheless, voluntary cessation may moot a case if two conditions exist: "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010) (internal quotation marks omitted).  It must be "clear that the defendant has not changed course simply to deprive the court of jurisdiction."  *Id.* (internal quotation marks omitted).  "The party asserting mootness bears the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Id.* at 1116 (brackets and internal quotation marks omitted).

Respondents have submitted a declaration from a Deputy Case Management Coordinator at the Bureau of Prisons.  The declaration explains the reason for Mr. McRae's transfer; asserts that Mr. McRae is not eligible for transfer back to FCI Florence so long as his former unit manager still works there; and asserts that, to the declarant's knowledge, the Bureau of Prisons has no plans to transfer Mr. McRae's

former unit manager to another facility before Mr. McRae completes his sentence. Moreover, Mr. McRae very recently completed his term of incarceration.[1]

In these circumstances, one cannot reasonably expect Mr. McRae to return to FCI Florence.  In sum, this appeal is moot, and the voluntary-cessation exception does not save it from dismissal.[2]  We also note that an amendment to the complaint to "reflect current circumstances," Aplt. Opening Br. at 4, could not affect mootness.

### *Conclusion*

We grant Respondents' motion to dismiss.  We deny all other pending motions and dismiss this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[1] According to the Bureau of Prisons inmate locator, Mr. McRae was released September 23, 2022.  https://www.bop.gov/inmateloc/ (last visited September 26, 2022).

[2] In his opening brief, Mr. McRae "vehemently opposes the continuation of the proceedings" until he is allowed access to various legal materials.  Aplt. Opening Br. at 6.  But in light of mootness, he could not have been harmed by drafting his merits brief without additional resources.  He also complains that the Bureau of Prisons refused to give him postage for legal mail.  Yet he has filed an opening brief, a reply brief, a response to the motion to dismiss, and several motions of his own.  Thus, he has suffered no prejudice from any deprivation of postage.